UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

December 12, 2018

LETTER TO COUNSEL:

RE: *Chetrick R. v. Nancy A. Berryhill, Acting Commissioner of Social Security*[1]
Civil No. TJS-17-2802

Dear Counsel:

On September 20, 2017, Plaintiff Chetrick R.[2] petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 15 & 20.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In his applications for DIB and SSI, Chetrick R. alleged a disability onset date of June 27, 2013. (Tr. 112.) His applications were denied initially and on reconsideration. (Tr. 56, 63, 74, 637.) A hearing was held before an Administrative Law Judge ("ALJ") on August 1, 2016 (Tr. 633-76), and the ALJ found that Chetrick R. was not disabled under the Social Security Act (Tr. 12-29). The Appeals Council denied Chetrick R.'s request for review (Tr. 7), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Chetrick R.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On November 9, 2018, the case was reassigned to me.

Chetrick R. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since June 27, 2013. (Tr. 17.) At step two, the ALJ found that Chetrick R. suffered from the following severe impairments: status post Graves' disease/hypothyroidism, obesity, hypertension, diabetes, substance abuse/dependence, anxiety disorder, and mood/bipolar disorder. (*Id.*) At step three, the ALJ found that Chetrick R.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 18-20.) The ALJ determined that Chetrick R. retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, and scaffolds; would need to avoid concentrated exposure to extreme cold, concentrated exposure to extreme heat, concentrated exposure to wetness, concentrated exposure to excessive vibration, and concentrated exposure to hazardous moving machinery and unprotected heights; could only perform simple, routine, and repetitive tasks in a low stress work environment, with low stress defined as no strict production quotas; and can only occasionally interact with the public, coworkers, and supervisors.

(Tr. 20.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Chetrick R. was able to perform past relevant work as a sales attendant. (Tr. 28.) Even if Chetrick R. was unable to perform past relevant work, the ALJ alternatively found at step five that there are other jobs that exist in significant numbers in the national economy that he can perform, including router, mail clerk, and merchandise marker. (Tr. 28.) Therefore, the ALJ found that Chetrick R. was not disabled under the Social Security Act. (Tr. 29.)

Chetrick R. raises three arguments in this appeal. First, he argues that the ALJ improperly determined that he can perform past relevant work. Second, he argues that the ALJ did not properly evaluate his subjective complaints. Third, he argues that the ALJ failed to properly assess his RFC and failed to adequately explain the reasons underlying the RFC determination. I will address each of these arguments in turn.

Chetrick R. first argues that the ALJ mistakenly classified his past work as a sales attendant as past relevant work, and therefore improperly concluded that he was not disabled at step four. In support of this argument, he notes that his earnings from his past work as a sales attendant fell below the amount of earnings necessary to qualify a job as substantial gainful activity in 2015, the year that he performed this work. (ECF No. 15-1 at 4.) He also notes that he is unable to work as a sales attendant because "the primary duty of [the] position is to provide customer service," and the ALJ found that he "can only occasionally interact with the public, coworkers, and supervisors." (*Id.*) Because the vocational expert's testimony that Chetrick R. could perform this work conflicts with the information contained in the *Dictionary of Occupational Titles*, and because the ALJ did not resolve this conflict, he contends that the ALJ's step four finding is erroneous.

Even if the ALJ improperly determined that Chetrick R.'s past work as a sales attendant was substantial gainful activity, and therefore past relevant work, and that Chetrick R. can perform such work, the ALJ made a valid alternative finding at step five. Because the ALJ's alternative finding at step five renders any erroneous finding at step four harmless, this argument is without merit. *See Hickey v. Berryhill*, No. ADC-16-3524, 2017 WL 4023095, at *4 n.3 (D. Md. Sept. 12, 2017) (collecting cases where courts have recognized the propriety of alternative step five findings).

Chetrick R.'s second argument is that the ALJ did not properly evaluate his subjective complaints. (ECF No. 15-1 at 5-10.) In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To determine the credibility of a claimant's statements, the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016). An ALJ must "articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter." *Bostrom v. Colvin*, 134 F. Supp. 3d 952, 960 (D. Md. 2015); *see also Mascio v. Colvin*, 780 F.3d 632, 640 (4th Cir. 2015) ("Nowhere, however, does the ALJ explain how he decided which of [the claimant's] statements to believe and which to discredit, other than the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [the claimant's] residual functional capacity.").

Chetrick R. claims that the ALJ rejected his subjective complaints regarding the intensity, persistence, and limiting effects of his symptoms because they were not supported by objective evidence. Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. *See Hines v. Barnhart*, 453 F.3d 559, 563-64 n.3 (4th Cir. 2006) (reiterating that while "a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers") (quoting *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996)). Here, however, the ALJ considered the lack of objective evidence regarding Chetrick R.'s symptoms as just one component of the assessment. The ALJ also considered Chetrick R.'s statements about his symptoms over time, his compliance with treatment recommendations, the degree to which his symptoms were controlled by medications when he was compliant, his alleged daily activities, the largely normal examination results from his physicians (including his endocrinologist, podiatrist, and neurophysiologist), and the medical opinions of record. (Tr. 20-27.) Because the ALJ did not rely exclusively on objective evidence in assessing the severity of Chetrick R.'s symptoms, this argument is without merit.

Chetrick R. also argues that the ALJ did not explain which of Chetrick R.'s statements he credited and which he discredited. (ECF No. 15-1 at 7-8.) ALJs are required to explain what evidence they find credible and why. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). In the absence of such an explanation, "if the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) ("[T]he ALJ failed to explain in his decision what statements by Lewis undercut her subjective evidence of pain intensity as limiting her functional capacity.") Here, the ALJ recited Chetrick R.'s statements and the relevant medical evidence of record in detail. The ALJ addressed each of Chetrick R.'s alleged symptoms and evaluated his statements in the context of the entire record to determine the severity of the symptoms. The ALJ's opinion makes clear which of Chetrick R.'s statements about the severity of his symptoms were credited and which were discredited. Accordingly, because the ALJ's decision is sufficient to allow for this Court's review, remand for further explanation is not required.

Chetrick R. also argues that the ALJ did not consider the extent to which he could perform his activities of daily living. It would have been improper for the ALJ to assess the credibility of Chetrick R.'s subjective complaints based only on his activities of daily living. Here, however, the ALJ considered Chetrick R.'s activities as one piece of evidence among all of the evidence in the record. The ALJ's findings regarding Chetrick R.'s daily activities are supported by substantial evidence and the ALJ's explanation regarding those activities is sufficient to permit this Court's review.

Chetrick R.'s third argument is that the ALJ did not properly assess his RFC. (ECF No. 15-1 at 10-14.) Social Security Ruling 96-8p instructs that an "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). Further, the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. An ALJ must "both identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis omitted).

Contrary to his argument, the ALJ adequately assessed Chetrick R.'s RFC based on the evidence. The ALJ summarized Chetrick R.'s complaints and statements about his symptoms, the objective medical evidence, and the medical opinions in the record. The ALJ discussed how Chetrick R.'s physical and mental impairments limited his ability to perform work-related activities, and assessed his RFC based on the effects of these impairments. In doing so, the ALJ built "an accurate and logical bridge form the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Having reviewed the ALJ's decision, the Court finds that the evidence summarized by the ALJ supports the finding that Chetrick R. can perform the work set forth in the RFC determination. Because the ALJ's narrative RFC discussion and relevant citations to the record enable meaningful review of

the ALJ's RFC analysis, Chetrick R.'s argument is without merit. Chetrick R. may disagree with the ALJ's conclusions, but this Court is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Chetrick R. also argues that the ALJ failed to account his limitations arising from his right flat foot condition. (ECF No. 15-1 at 13.) However, the ALJ specifically found that "the medical record does not support significant limitations due to this impairment." (Tr. 18.) By finding that Chetrick R.'s flat foot condition had no more than a minimal effect on his ability to perform basic work activities, the ALJ determined that the condition was not severe. (*Id.*) Chetrick R. points to an August 21, 2014, diagnosis and treatment plan signed by Michael Frank, DPM (Tr. 581-82). Dr. Frank's treatment plan was for Chetrick R. to "decrease activities to tolerance." (Tr. 582.) The treatment plan also reported that Dr. Frank "had a lengthy discussion with [Chetrick R.] regarding the importance of offloading." (*Id.*) Chetrick R. argues that, considering this evidence, the ALJ should have found his flat foot condition to be a severe impairment, and should have credited Chetrick R.'s statements that he is only capable of walking for 15 minutes and standing for 60 to 90 minutes. (ECF No. 15-1 at 13.) However, a review of Dr. Frank's diagnosis and treatment plan reveals that the reason for Chetrick R.'s visit was for a "diabetic podiatric evaluation," and that he had reported "feeling tingling and numbness." (Tr. 581.) Although an x-ray did show a flat right foot, Dr. Frank's treatment plan was aimed at treating Chetrick R.'s complaints for foot problems related to his diabetes (which the ALJ also considered in the decision (Tr. 18)), and not related to having a flat right foot. For this reason, Chetrick R.'s argument that the ALJ failed to consider his flat foot condition is without merit.

Finally, Chetrick R. argues that the ALJ's use of the terms "modest" and "moderate" in assigning weight to some of the medical opinions was "so vague so as to be meaningless." (ECF No. 15-1.) He argues that while the terms imply "that the[] opinions were accorded some degree of weight," the decision "is devoid of explanation of the amount of weight actually accorded to these opinions." (*Id.*) A review of the ALJ's decision makes clear that he assigned certain medical opinions only partial weight and explained his reasons for doing so. Other than his broad objection to the imprecision of the terms used by the ALJ, Chetrick R. does not state how the ALJ's analysis is deficient, nor does he contend that the findings are not supported by substantial evidence. Because the ALJ's RFC assessment was reached through correct application of the law and is supported by substantial evidence, this argument is also without merit.

For the reasons set forth herein, Chetrick R.'s Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 20) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge